IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINTON CRABTREE, Jr., #B20679, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN DOE 1-5, )<br>CHET SHAFFER, )<br>C/O MINOR, )<br>and JANE DOE, )<br>)<br>    Defendants. ) | Case No. 20-cv-00489-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Clinton Crabtree, an inmate of the Illinois Department of Corrections currently incarcerated at Vienna Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred while he was awaiting sentencing at Franklin County Jail in October 2018. (Doc. 1). Plaintiff alleges that Franklin County officers subjected him to the unauthorized use of force, failed to protect him from an inmate attack, and denied him medical care for his injuries. (*Id*. at 1-20). He brings Eighth Amendment deliberate indifference claims for money damages against the defendants. (*Id*.).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

In the Complaint, Plaintiff makes the following allegations (Doc. 1, pp. 8-20): While attending his sentencing hearing on October 25, 2018, Plaintiff was forcefully removed from the courtroom for undisclosed reasons. (*Id*. at 9-10, 16). Deputies John Doe 1-5 beat him in the head, threw him into a squad car, and transported him back to Franklin County Jail. (*Id*.). Upon his arrival at the Jail, Lieutenant Shaffer and Officer Minor dragged Plaintiff to an isolation cell and threw him to the floor, causing a left shoulder injury. (*Id*. at 9). When Plaintiff began yelling, the two officers returned to the cell and attempted to shoot him with a taser (which did not work) before punching him in the face so hard that Plaintiff's tooth broke in half and pierced his lip. (*Id*.). Nurse Jane Doe ("Sue") and Officer Minor subsequently denied Plaintiff medical care for his injuries and disregarded his requests for grievance forms. (*Id*. at 10-11, 17-18).

Later that day, Officer Minor informed Plaintiff he would be transferred to B-Block, a housing unit designated for gang members. (*Id*. at 12-13, 18). Plaintiff warned Officer Minor that he would be attacked in B-Block, and he requested transfer to the medical unit instead. (*Id*.). Officer Minor denied the request and explained that Lieutenant Shaffer issued strict orders for his transfer to B-Block. (*Id*.). Within five minutes of his transfer, Plaintiff was attacked and injured by five inmates. (*Id*.). Officer Minor told Plaintiff the attack was "compliments of" Lieutenant Shaffer. (*Id*.). Plaintiff submitted a written request for medical care to Officer Jeralds,[1] but Lieutenant Shaffer intercepted it, wadded it up, and threw it at Plaintiff. (*Id*. at 13, 19).

Following Plaintiff's transfer to Menard Correctional Center several days later, a dentist diagnosed him with a severely broken tooth that would require extraction of his five front teeth.

---

[1] Officer Jeralds is not named as a defendant in the case caption, and Plaintiff brings no claims against him/her. Any claims against this person are therefore considered dismissed without prejudice.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Eighth Amendment claim against Deputies John Doe 1-5 for using excessive force against Plaintiff at his hearing on October 25, 2018.

**Count 2:** Eighth Amendment claim against Lieutenant Shaffer and Officer Minor for using excessive force against Plaintiff upon his return to Franklin County Jail on October 25, 2018.

**Count 3:** Eighth Amendment claim against Lieutenant Shaffer and Officer Minor for failing to protect Plaintiff from a known and serious risk of inmate attack in B-Block on October 25, 2020.

**Count 4:** Eighth Amendment deliberate indifference claim against Nurse Jane Doe, Lieutenant Shaffer, and Officer Minor for denying Plaintiff medical treatment for shoulder, head, face, jaw, lip, and tooth injuries he sustained on October 25, 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

### Counts 1 and 2

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain on incarcerated persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This includes the unauthorized use of force by a state official against an inmate. *Hendrickson v. Cooper*, 589 F.3d 887, 889 (7th Cir. 2009). The "core requirement" of an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson*, 589 F.3d at 890 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Construed liberally, the allegations articulate an excessive

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

force claim in Count 1 against Deputies John Doe 1-5 and in Count 2 against Lieutenant Shaffer and Officer Minor.

### Count 3

The Eighth Amendment also obligates prison officials to protect inmates from a known risk of serious harm posed by other inmates. *Farmer*, 511 U.S. at 834. Potential attacks from other inmates may constitute a substantial risk of harm. *Beatty v. Henshaw*, -- F. App'x --, 2020 WL 5289376, at *3 (7th Cir. Sept. 4, 2020). Plaintiff articulates a claim in Count 3 against Lieutenant Shaffer and Officer Minor for failing to protect him from a serious risk of inmate attack in B-Block on or around October 25, 2020. Count 3 shall proceed against both defendants.

### Count 4

Finally, the denial of necessary medical care may also give rise to an Eighth Amendment claim. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). To state a claim, a plaintiff must allege: (1) a serious medical condition (objective element); and (2) an official's deliberate indifference to that condition (subjective element). *Id.* Plaintiff describes serious injuries he sustained on or around October 25, 2018, including an injured left shoulder, broken tooth, injured jaw, etc. He also sets forth sufficient allegations to support a deliberate indifference claim against Nurse Jane Doe ("Sue"), Lieutenant Shaffer, and Officer Minor for denying treatment for these injuries. Accordingly, Count 4 survives screening against Nurse Jane Doe, Lieutenant Shaffer, and Officer Minor.

### **Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Count 1 against Deputies John Doe 1-5 and Count 4 against Nurse Jane Doe ("Sue"). However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have the

opportunity to engage in limited discovery to ascertain each unknown defendant's identity. In this case, the Franklin County Sheriff and Jail Administrator will be named as defendants, in their official capacities only, for the sole purpose of responding to discovery aimed at identifying these unknown defendants by name. Once the name of each unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designations in the caption and throughout the Complaint.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows:

- **COUNT 1** against **JOHN DOE 1, 2, 3, 4,** and **5**;
- **COUNTS 2** and **3** against **CHET SHAFFER** and **C/O MINOR**;
- **COUNT 4** against **JANE DOE 1, CHET SHAFFER,** and **C/O MINOR**.

These claims are **DISMISSED** without prejudice against any defendants who are not named in connection with each claim above.

The Clerk's Office is **DIRECTED** to **ADD** Defendants **FRANKLIN COUNTY SHERIFF (official capacity only)** and **FRANKLIN COUNTY JAIL ADMINISTRATOR (official capacity only)** as defendants for purposes of identifying the unknown defendants by name. **The Sheriff and Jail Administrator should file an appearance in this matter but are not required to answer the Complaint.**

Because this suit addresses one or more medical claims, **the Clerk's Office is further DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1, 2, 3,** and **4,** the Clerk of Court shall prepare for Defendants **FRANKLIN COUNTY SHERIFF (official capacity), FRANKLIN COUNTY JAIL ADMINISTRATOR (official capacity), CHET SHAFFER, C/O MINOR,** and, once identified, **DEPUTIES JOHN DOE 1-5,** and **NURSE JANE DOE 1 ("Sue"):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  SDIL-LR 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 15, 2020**

s/J. Phil Gilbert<br>**J. PHIL GILBERT**<br>**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**