IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLINTON CRABTREE, Jr., #B20679, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-cv-00489-JPG** |
| | ) | |
| JOHN DOE 1-5, | ) | |
| CHET SHAFFER, | ) | |
| C/O MINOR, | ) | |
| and JANE DOE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on Defendant Shaffer and Minor's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 27). For the reasons set forth herein, the motion shall be **GRANTED**. This case shall be **DISMISSED without prejudice.**

### Background

Plaintiff Clinton Crabtree filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred while he was awaiting sentencing at Franklin County Jail in October 2018. (Doc. 1). In the Complaint, Plaintiff alleged that Franklin County officers subjected him to the unauthorized use of force, failed to protect him from an inmate attack, and denied him medical care for his injuries. (*Id*. at 1-20). He asserted claims for money damages against the defendants. (*Id*.).

On October 15, 2020, the Court screened the Complaint pursuant to 28 U.S.C. 1915A, and it survived preliminary review. (Doc. 10). Defendants Shaffer and Minor filed their answers on

January 22, 2021.  (Doc. 22).  The Court then entered an Initial Scheduling Order (Doc. 23) on January 26, 2021.  Pursuant to it, Plaintiff was required to file a motion to substitute known defendants in place of the unknown defendants on or before March 26, 2021, or provide additional steps that should be taken to identify them.  When Plaintiff missed this deadline and also failed to respond to a show cause order, John Doe 1-5 and Jane Doe were dismissed from this action without prejudice.  (Doc. 25).

On May 11, 2021, the Court then entered a Scheduling and Discovery Order.  (Doc. 26). In this and other orders, Plaintiff was reminded of his ongoing obligation to update his address with the Court.  (*See* Docs. 3, 10, 23, and 26).  He was also warned that failure to do so could result in dismissal of the action for failure to comply with a court order or for failure to prosecute his claims.  (*See id.*) (citing FED. R. CIV. P. 41(b)).

On September 13, 2021, Defendants Shaffer and Minor filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 27).  In the motion, Defendants state that Plaintiff failed to appear at his deposition scheduled on September 10, 2021.  (*Id.* at ¶ 3).  Defendants mailed a notice of deposition to the address Plaintiff provided to the Court (*i.e.*, Vienna Correctional Center, 6695 Route 146 East, Vienna, Illinois).  Because the Illinois Department of Corrections' website indicated that Plaintiff was released on parole on May 14, 2021, Defendants also mailed the notice of deposition to the home address Plaintiff provided to Franklin County Jail at the time of his arrest (*i.e.*, 1516 West Maple Street, Herrin, Illinois).  (*Id.* at ¶¶ 3-4).  Although neither notice was returned undelivered, Plaintiff failed to appear for his deposition.  As a result, Defendants incurred cost and expenses associated with the deposition, including a $99.00 fee for the court reporter.  Defendants ask the Court to dismiss the entire case under Rule 41(b).  (*Id.*).

Plaintiff's response to the motion was due on October 18, 2021.  However, he filed no response.  He also sought no extension of the deadline for doing so.

## Discussion

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it."  FED. R. CIV. P. 41(b).  The Court is vested with authority to grant a defendant's motion and dismiss a lawsuit for want of prosecution when a plaintiff has failed to prosecute his claims with due diligence.  *William v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (district court inherently possesses authority to dismiss case *sua sponte* for want of prosecution).  Dismissal is one of the tools available to a district court to "achieve the orderly and expeditious disposition of cases."  *Id.*; *Harrington v. City of Chi.*, 433 F.3d 542 (7th Cir. 2006) (district courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006) (district court did not abuse its discretion by dismissing lawsuit with prejudice for failure to prosecute without giving plaintiff explicit warning).

The Court deems it appropriate to dismiss this case as abandoned by Plaintiff.  He has not provided the Court with an updated address during the course of this action, even when records of the Illinois Department of Corrections indicate that he was released on parole on May 14, 2021.  Plaintiff missed his deposition, and he also missed the deadline for responding to Defendants' motion to dismiss.  The Court has heard nothing from him since May 28, 2020.  (Docs. 1 and 2).  Given all of this, the Court deems dismissal of the case appropriate.

### Disposition

**IT IS ORDERED** that Defendants' Motion to Dismiss Case For Failure to Prosecute Claims Under Rule 41(b) is **GRANTED**.  This case is **DISMISSED** without prejudice.  The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for each action was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the $350.00 filing fee remains due and payable in each case.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 10/27/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**